UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-25073-MGC

ARIEL QUIROS,

    Plaintiff/Counter-Defendant,

v.

IRONSHORE INDEMNITY, INC.,

    Defendant/Counter-Plaintiff,

_____/

MICHAEL I. GOLDBERG, as court-appointed
Receiver for Q Resorts, Inc.,

    Intervenor Plaintiff,

v.

IRONSHORE INDEMNITY, INC.

    Intervenor Defendant.

_____/

**JOINT NOTICE OF SETTLEMENT
AND REQUEST TO REMOVE MATTER FROM TRIAL CALENDAR
AND CANCEL OCTOBER 17, 2018 HEARING**

    Intervenor Plaintiff, Michael I. Goldberg, as the court-appointed Receiver (the "Receiver") for Q Resorts, Inc., Plaintiff, Ariel Quiros ("Quiros"), and Defendant, Ironshore Indemnity, Inc. ("Ironshore") (collectively, the "Parties") jointly request that this Court remove the above-captioned case from the trial calendar and cancel the hearing presently set for October 17, 2018, and state:

    1.    This case is presently set for trial during the two-week period beginning October 29, 2018, with calendar call set for October 24, 2018. (ECF No. 122). In addition, this Court set a hearing on the parties' Motions for Summary Judgment and Motions to Amend on October 17, 2018. (ECF No. 126).

2. The Parties have reached a settlement of all claims and counterclaims asserted in this action and have signed a term sheet memorializing their agreement, which term sheet expressly contains all material terms to the settlement agreement.

3. However, due to the fact that one of the settling parties is a Court-appointed Receiver, the Receiver must obtain approval from the appointing Court[1] before the settlement can be finalized.

4. Approval of the settlement is expected to take approximately two to three months. The approval requires a two-step process. First, the Receiver must file a motion seeking preliminary approval of the settlement and establishing notice and hearing procedures designed to comply with due process considerations. Then, after the Receiver complies with the notice procedures, a fairness hearing is held during which objections, if any, must be considered.

5. As a result, before the Parties' settlement can be "final," the Receiver must (i) provide notice to the hundreds of investors and creditors of the Receivership Entities, (ii) publish notice to all other potential creditors and claimants, (iii) provide all parties in interest with a 30-day period within which to object to the settlement, and (iv) appear before Judge Gayles in the SEC Action for a fairness hearing in connection with the final approval of the settlement.

6. In light of the foregoing, the Parties respectfully request that the Court remove this matter from the current trial calendar and cancel the October 17, 2018 hearing.[2]

7. The Parties will submit a Status Report to this Court at the end of sixty (60) days or upon a determination regarding approval of the settlement by Judge Gayles in the SEC Action, whichever is earlier.

---

[1] The Receiver was appointed by Judge Gayles in *SEC v. Quiros, et al.*, No. 1:16-cv-21301-DPG (S.D. Fla.) (the "SEC Action").

[2] If the Court would like to hear additional information regarding the settlement and the approval process, the Parties respectfully request that the Court modify the Order setting the October 17, 2018, hearing (ECF No. 126) and order that the Parties appear for a status conference regarding the settlement and approval process as opposed to a hearing on the pending motions.

Dated: October 12, 2018                                                                 Respectfully submitted,

By: */s/ Jeffrey C. Schneider*  
JEFFREY C. SCHNEIDER, P.A.  
Florida Bar No. 933244  
Primary: jcs@lklsg.com  
Secondary: lv@lklsg.com  
STEPHANIE REED TRABAND, P.A.  
Florida Bar No. 158471  
Primary: srt@lklsg.com  
Secondary: lv@lklsg.com  
MARCELO DIAZ-CORTES, ESQ.  
Florida Bar No. 118166  
Primary: md@lklsg.com  
Secondary: ah@lklsg.com  

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**  
201 South Biscayne Boulevard, 22nd Floor  
Miami, FL 33131  
Telephone:  (305) 403-8788  
Facsimile:  (305) 403-8789  
*Counsel for Intervenor Plaintiff*  
*Michael I. Goldberg*

By: *Joseph G. Galardi*  
Joseph G. Galardi, Esq.  
Florida Bar No. 180572  
galardi@beasleylaw.net  
lundstrom@beasleylaw.net  

**BEASLEY & GALARDI, P.A.**  
505 South Flagler Drive, Suite 1500  
West Palm Beach, FL 33405  
Tel: 561.835.0900  
Fax: 561.835.0939  
*Counsel for Ironshore Indemnity, Inc.*

By: *Melissa D. Visconti*  
Melissa D. Visconti, Esq.  
Florida Bar No. 68063  
mvisconti@dvllp.com  
jserna@dvllp.com  
Melanie E. Damian, Esq.  
mdamian@dvllp.com  
lfd@dvllp.com  

**DAMIAN & VALORI LLP**  
1000 Brickell Avenue, Suite 1020  
Miami, Florida 33131  
Telephone: 305-371-3960  
Facsimile: 305-371-3965  
*Counsel for Ariel Quiros*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this on October 12, 2018, I electronically served copies of the foregoing this day on all counsel of record via email to the addresses in the service list attached.

*/s/ Jeffrey C. Schneider*
Jeffrey C. Schneider, P.A.

**SERVICE LIST**

Joseph G. Galardi, Esq.
galardi@beasleylaw.net
lundstrom@beasleylaw.net
**BEASLEY & GALARDI, P.A.**
505 South Flagler Drive, Suite 1500
West Palm Beach, FL 33405
Tel: 561.835.0900
Fax: 561.835.0939
*Counsel for Ironshore Indemnity, Inc.*

Melissa D. Visconti, Esq.
mvisconti@dvllp.com
jserna@dvllp.com
Melanie E. Damian, Esq.
mdamian@dvllp.com
lfd@dvllp.com
**DAMIAN & VALORI LLP**
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965
*Counsel for Ariel Quiros*